Jasen, J. (dissenting).
The issue in this case concerns the scope of the powers granted to the Temporary State Housing Bent Commission under the Emergency Housing Bent Control Law. (L. 1946, ch. 274, as amd.) Specifically, the petitioners argue that the commission’s power to provide for individual adjustments of maximum rents is limited to the 10 grounds set out in section 4 (subd. 4, par. [a]) of the Rent Control Law (L. 1946, ch. 274, as amd.). Bespondents, on the other hand, contend that while the commission must provide for adjustment of maximum rents on the 10 grounds listed in the above section, it may also provide for adjustment of maximum rents on grounds other than those listed in section 4 (subd. 4, par. [a]).
Section 4 of the Bent Control Law sets out the general powers and duties of the commission. Paragraph (a) of subdivision 4 (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) provides in pertinent part that: ‘ ‘ The commission may from time to time adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this act, including practices relating to recovery of possession; provided that such regulations can be put into effect without general uncertainty, dislocation and hardship inconsistent with the purposes of this act; and provided further that such regulations shall be designed to maintain a system of rent controls at levels which, in the judgment of the commission, are generally fair and equitable and which will provide for an orderly transition from and termination of emergency controls without undue dislocations, inflationary price rises or disruption. Provision shall be made pursuant to regulations prescribed by the commission, for individual adjustment of maximum rents where * * * ”. Following the above-quoted material, 10 grounds for adjustment of maximum rents are listed.
The respondents argue that the above-quoted portion of the statute grants to the commission the power to enact regulations to provide for adjustments in maximum rents on any grounds *911 deemed necessary or proper by the commission “ to effectuate the purposes ” of the Rent Control Law, so long as the regulations can be put into effect without hardship or uncertainty and so long as a system of rent controls is maintained which is “ fair and equitable ” in the judgment of the commission. I cannot agree that the Legislature intended that the commission have such broad powers. I believe the legislative history of the Rent Control Law reveals that the Legislature intended that the commission was empowered to make adjustments in maximum rents only on the grounds listed in the statute.
With the weakening of Federal rent control after World War II, the State enacted an interim Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) designed to give the State exclusive control of residential rents in the State. The Legislature provided for a temporary freeze of all rents until the Temporary State Housing Commission could make a study and hold public hearings. (See N. Y. Legis. Annual, 1951, p. 215.) Subdivision 2 of section 4 of the law provided as follows: ‘ ‘ The commission may from time to time adopt, promulgate, amend or rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of this act, including practices relating to recovery of possession; provided however, that provisions for individual or general adjustments of rents shall not he authorised hereunder except as specifically provided for herein ”. (Emphasis added.) The statute provided further that ‘ ‘ no later than the fifteenth day of January, nineteen hundred fifty-one, the commission shall submit to the legislature a rent control plan, together with proposed regulations to effectuate its objectives ”. (L. 1950, ch. 250; Emergency Housing Rent Control Law, § 4, subd. 2, par. [c].) Finally, the law provided that the proposed plan and regulations would become effective on March 15, 1951, unless the Legislature acted before February 15, 1951. (L. 1950, ch. 250; Emergency Housing Rent Control Law, § 4, subd. 2, par. [c].)
The rent control plan and proposed regulations were submitted to the Legislature on January 15, 1951, and, since the Legislature did not act, the proposed regulations became effective on March 15,1951. That rent control plan contained section 4 (subd. 4, par. [a]) in its present form and identical language, except that it contained seven grounds for adjustment of maximum rents instead of ten.
*912 Respondents now argue, and the majority in this court apparently agree, that inasmuch as the restrictive language of subdivision 2 of section 4 (L. 1950, ch. 250) (italicized in quoted portion above) was deleted in the proposed rent control plan, the Legislature had intended to enlarge the commission’s powers. However, the proposed rent control plan was accompanied by a report of the Temporary State Housing Rent Commission, the very commission which had drafted the rent control plan. That report stated that the grounds for adjustment of rent “ are limited to seven.” (Rent Control Plan, Jan. 15, 1951, Parts I & V, p. 26; 1951 McKinney’s Session Laws, p. 1450.) That same year the State Temporary Commission to Study Rents and Rental Conditions (created by L. 1948, ch. 675) reviewed the proposed rent control plan and reported to the Legislature that it contained “ seven limited grounds for adjustment of individual rents.” (N. Y. Legis. Doc., No. 53, 1951; N. Y. Legis. Annual, 1951, pp. 218, 220.) This plan was ratified by the Legislature and, upon signature of the Governor, became law on April 2,1951. (L. 1951, ch. 443.)
It should be abundantly clear that the draftsmen of the rent control plan intended to confine the commission’s power to adjust maximum rents to only the seven “ limited ” grounds contained in the plan. The Legislature did not indicate otherwise. Two years later, when it was found that the seven grounds for adjustment of rent contained in the statute were inadequate to fulfill the purposes of the act, three more grounds for adjustment of maximum rents were added by the Legislature and not by regulation of the commission. (L. 1953, ch. 320; see N. Y. Legis. Doc., 1953, No. 43; N. Y. Legis. Annual, 1953, p. 435.) Thus, in the light of the statutory provisions and the clear intent of the Legislature, I would limit the grounds upon which an adjustment of maximum rents may be granted to those specifically listed in the statute.
I would reverse the order appealed from and reinstate the judgment of Special Term.
Order affirmed, etc.